# UNITED STATES DISTRICT COURT FOR THE MASSACHUSETTS

FILED
IN CLERK'S OFFICE

2026 FEB -2 PM 3:01

| | |
|---|---|
| Katlin Ataallah<br><br>Plaintiff,<br><br>V.<br><br>TransUnion Information Services LLC.,<br><br>Defendant. | Civil No.<br><br><br><br>JURY TRIAL DEMANDED |

## INTRODUCTION

This case arises under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq.

Katlin Ataallah never thought a simple attempt to access her own credit report would turn into months of confusion, stress, and sleepless nights. After moving to a new city in Massachusetts and applying for a modest auto loan, she was denied due to adverse credit information listed by TransUnion information she couldn't even properly verify because TransUnion failed to give her a complete copy of her own consumer file.

What should have been a routine disclosure under federal law turned into a struggle. TransUnion omitted critical account details, such as full account numbers and historical payment data information required by law. Without it, she couldn't dispute errors or understand why she was denied credit. This caused severe emotional distress and financial harm.

**UNITED STATES DISTRICT COURT FOR THE MASSACHUSETTS**

She suffered insomnia and anxiety while trying to fix her credit, all while working full-time and caring for her family. On at least two occasions, she broke down in tears at work due to the stress of being misrepresented to lenders. She also had to pay out-of-pocket for credit counseling and therapy sessions.

This complaint seeks statutory, actual, and punitive damages under the FCRA for TransUnion's refusal to provide all information in Plaintiff's consumer file as required by 15 U.S.C. § 1681g(a).

## JURISDICTION AND VENUE

1. This Court has jurisdiction under 15 U.S.C. § 1681p and 28 U.S.C. § 1331.
2. Venue is proper in this District under 28 U.S.C. § 1391(b), as a substantial part of the events giving rise to these claims occurred in Massachusetts.

## PARTIES

3. Plaintiff Katlin Ataallah is a natural person and resident of Massachusetts and is a "consumer" as defined by 15 U.S.C. § 1681a(c).
4. Defendant TransUnion Information Services, LLC is a consumer reporting agency, as defined in 15 U.S.C. § 1681a(f), with its principal place of business in Chicago, Illinois and substantial business operations in this District.

## FACTUAL ALLEGATIONS

5. On or about January 17, 2026, Plaintiff requested her consumer disclosure from TransUnion through www.annualcreditreport.com.

**UNITED STATES DISTRICT COURT FOR THE MASSACHUSETTS**

6. TransUnion responded with a disclosure purporting to contain her entire consumer file.

7. However, the file lacked full account numbers, internal reference codes, and historical data for several tradelines.

8. The omission of such data rendered Plaintiff unable to evaluate or dispute accounts appearing as negative on her credit report.

9. On or around August 2022, Plaintiff was denied credit for a Macys/Citi Bank NA, and the adverse action letter cited data from TransUnion that she could not understand or challenge due to the incomplete disclosure.

10. This denial caused significant distress. Plaintiff experienced depression, sleep loss, and difficulty concentrating at her job.

11. She spent money on credit counseling and therapy due to the impact of this incident.

12. TransUnion's failure to provide all information in her file violated 15 U.S.C. § 1681g(a), which requires a credit reporting agency to "clearly and accurately disclose to the consumer all information in the consumer's file at the time of the request."

13. The Federal Trade Commission has issued advisory opinions confirming that the full account information must be disclosed to the consumer. (See FTC Letter from Willard O. "Bill" Kerns, June 30, 2000).

14. Courts interpreting § 1681g(a) have held that omissions of such critical data are violations of the FCRA. See, e.g., *Artemov v. TransUnion, LLC*, No. 1:20-cv-01892 (E.D.N.Y.), and *Gillespie v. Equifax Info. Servs., LLC*, 484 F.3d 938, 941 (7th Cir. 2007).

15. TransUnion's failure was not an accident or technical oversight it was willful and part of a broader systemic policy of limiting file disclosures via the annualcreditreport.com portal in violation of FCRA's intent.

16. Plaintiff reasonably believes that TransUnion possesses the omitted data internally, as such details are regularly shared with third parties in credit reports.

## COUNT I – VIOLATION OF THE FAIR CREDIT REPORTING ACT

### Failure to Clearly and Accurately Disclose Consumer File – 15 U.S.C. § 1681g(a)

17. Plaintiff re-alleges and incorporates all preceding paragraphs.

18. TransUnion failed to clearly and accurately disclose all information in Plaintiff's file, in violation of 15 U.S.C. § 1681g(a)(1).

19. As a result, Plaintiff suffered:

- Emotional distress, anxiety, and disrupted sleep;
- Loss of credit opportunities;
- Out-of-pocket expenses for therapy and credit assistance.

20. TransUnion's conduct was willful, or at a minimum, negligent.

21. Plaintiff is entitled to:

- Statutory damages under 15 U.S.C. § 1681n(a)(1)(A);
- Punitive damages under 15 U.S.C. § 1681n(a)(2);
- Actual damages under 15 U.S.C. § 1681o(a)(1);
- Attorney's fees and costs under 15 U.S.C. §§ 1681n(a)(3) and 1681o(a)(2).

**UNITED STATES DISTRICT COURT FOR THE MASSACHUSETTS**

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Award statutory damages of $1,000 under 15 U.S.C. § 1681n(a)(1)(A);

2. Award actual damages under 15 U.S.C. § 1681o(a)(1);

3. Award punitive damages under 15 U.S.C. § 1681n(a)(2);

4. Award costs and attorney's fees under 15 U.S.C. § 1681n(a)(3) and § 1681o(a)(2);

5. Grant such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

DATED: January 20, 2026

Respectfully submitted,

Katlin Ataallah

5 Fan Pier BLVD UNIT 619

Boston, MA 02210-2198

MM02131@gmail.com
**Pro Se Plaintiff**